LYONS, Justice
(concurring specially).
Chief Justice Cobb’s special writing, concurring in part and dissenting in part, concludes that Carthell Garner adequately stated a conflict between the Court of Criminal Appeals’ unpublished memorandum in his case, Garner v. State (No. CR-08-0187, July 31, 2009), — So.3d - (Ala.Crim.App.2009) (table), and Grimsley v. State, 632 So.2d 547 (Ala.Crim.App.1993). Garner’s petition includes a fragmentary quote from the Court of Criminal Appeals’ unpublished memorandum and attempts to take the quote beyond its context.
Garner points solely to the following statement in the Court of Criminal Appeals’ unpublished memorandum: “What [State’s witness Howard] Pompey may have personally believed or hoped for would have been a matter left to the jury’s determination in weighing the testimony pursuant to the trial court’s charge as to bias.” (Petition, at p. 5.) Garner then con *51 tends that, because he was not allowed to question Howard Pompey regarding his beliefs or hopes as to the disposition of pending charges against Pompey if he testified against Garner, there was nothing for the jury to weigh to determine whether Pompey was biased in favor of the State.
Garner’s attempt illustrates the problem of using only fragmentary quotes from an unpublished memorandum or opinion to allege conflict. Garner omits the preceding sentence, which states: “Nor was he prevented from questioning Pompey concerning his role in the present offense in front of the jury.” (Emphasis added.) When the two sentences are read together, as they should be, it is apparent that the statement of the Court of Criminal Appeals attacked by Garner relates to the jurors’ weighing of any bias based on Pompey’s hopes regarding whether he would be prosecuted “concerning his role in the present offense.” Because of Garner’s ineffective attempt to establish conflict, I concur to deny Garner’s petition for the writ of certiorari.